## VAWTER v. BAKER.

AGENCY.—When an agent or factor acts for a merchant resident in a foreign country, the ordinary presumption is that credit is given to the agent, and he is personally liable for contracts made by him for his employer, notwithstanding he discloses at the time the character in which he acts.

ME.—This presumption is liable to be rebutted either by proof that credit was given to both principal and agent, or to the principal only, or that the usage of trade does not extend to the particular case.

SAME.—But this rule is not applicable when the principal is domiciled in another state of the Union.

SAME—BURDEN OF PROOF.—When the defendant sets up the character in which he made the contract, as that he was agent of another, the burden of proving it rests upon him.

APPEAL from the *Jefferson* Common Pleas.

DAVISON, J.—The appellant, who was the plaintiff, sued the appellee before a justice of the peace upon an account in this form:

*Nathan Baker* to *John W. Vawter, Dr.*

*May* 6, 1861.   To sawing 10,311 feet of fencing, at 65 cts...$67 00
Interest..........................................................................   4 34
                                                             ———— $71 34
Credits, *August* 7, $12 90—*November* 25, $5......................   17 90

                                                                    $53 44

The justice gave judgment in favor of the plaintiff for the above sum of $53.44, and the defendant appealed. In the Common Pleas the cause was submitted to a jury, who found for the defendant and the court, having refused a new trial, rendered judgment, etc. The evidence is on the record. Both parties were sworn as witnesses. It was conceded that the plaintiff sawed the lumber as stated and charged in the cause of action; but the defendant, in his testimony, set up that he contracted for the work as agent for *John Baker*, then living in *Louisiana*, and that he so informed the plaintiff at the time of making the contract. In this he was directly contradicted by the plaintiff, who testified that he did the work for the defendant under a contract with him on his credit alone. The evidence thus given by the parties was uncorroborated and unimpeached, and was all the evidence given on the question of agency. At the proper time, the plaintiff moved to instruct as follows: "If the jury find from the evidence that *Nathan Baker* was acting for *John Baker* as his agent in this transaction, and that said *John* was at the time a resident of a foreign country, the presumption of law is that the credit was given to the agent exclusively to the exoneration of the principal, and for that purpose the states of this Union are foreign to each other." This instruction was refused, and the plaintiff excepted. Was this a proper direction to the jury? As a general rule, "agents or factors, acting for merchants resident in a foreign country, are held personally liable for contracts made by them for their employers, notwithstanding they fully disclose at the time the character in which they act. In such cases the ordinary presumption is that credit is given to the agent or

factor. This presumption, however, is liable to be rebutted either by proofs that the credit was given to both principal and agent, or to the principal only, or that the usage of trade does not extend to the particular case." Story on Agency, 5th ed., sec. 268; notes. *McKenzie* v. *Nevins,* 22 Maine, 143. But it has been adjudicated that by our commercial usage the rule above stated is not applicable to the case of a principal who is domiciled in another state of the Union, as the interests of trade do not require it. *Tainter* v. *Pendegrast,* 3 Hill, 72; 3 Kent's Com. 807; *Kirkpatrick* v. *Stainer,* 22 Wend. 254-262. These authorities seem to enunciate a correct principle, and we are inclined to follow them. The result is that, so far as the instruction says, "and for *that purpose* the states of this Union are foreign to each other," it is erroneous, and was correctly refused. Another instruction was moved by the plaintiff, and refused by the court, which is in these words: "If the jury find from the evidence that the work was done at the defendant's request, and was worth the price charged, the *onus* is upon the party setting up agency, if he seeks to exonerate himself on that account." We think this instruction should have been given. Where a party enters into a contract, the presumption is that he does it in his individual capacity, and not as the agent of another. Here the plaintiff sued the defendant for work and labor done for him as principal. In order to recover, it was incumbent on the plaintiff to prove the material allegations in his complaint and nothing more; but the defendant set up in defense the character in which he contracted, that in making the contract he acted as agent for *John Baker,* and so informed the plaintiff at the time. Evidently the defense thus set up consisted exclusively of affirmative matter, and, in consequence, the burden of proving it by a preponderance of evidence rested on the defendant. In refusing this instruction, the court, in our opinion, committed an error, for which the judgment must be reversed.

*Per Curiam.*—Judgment reversed, with cost, etc.
*A. D. Matthews,* for appellant.
*C. C. Walker* and *J. Y. Allison,* for appellee.